**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

| | |
|---|---|
| OSSEO IMAGING LLC, <br><br>                   Plaintiff, <br><br> v. <br><br> KAVO DENTAL TECHNOLOGIES LLC, <br><br>                   Defendant. | **Civil Action No.** 3:19-cv-00174-MOC-DSC <br><br> **STIPULATED PROTECTIVE ORDER** |

## STIPULATED PROTECTIVE ORDER

WHEREAS, Plaintiff OSSEO IMAGING LLC ("Osseo") has filed a Complaint against Defendant KAVO DENTAL TECHNOLOGIES LLC ("Kavo"), (individually, a "Party," and collectively, the "Parties") in the above-captioned action (the "Action");

WHEREAS, the conduct of the Action and appeals therefrom may involve discovery requests requiring the disclosure of information which may constitute trade secrets and/or other confidential research, development, business, or commercial information within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G);

WHEREAS, the Parties hereto seek to preserve their privacy and property interests in such information, without unduly encroaching on the public's right to be informed of judicial proceedings, and recognizing that a Party seeking to protect information filed under seal with the Court must show good cause for sealing that part of the record, and that either Party may challenge any designation of confidentiality pursuant to this protective order;

WHEREAS, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Parties hereby stipulate to the entry of this Protective Order (the "Protective Order") limiting the disclosure of certain information produced or otherwise discovered and agree to be bound by the restrictions of the Protective Order limiting use of such information as provided;

IT IS HEREBY STIPULATED, AGREED AND ORDERED as follows:

**APPLICABILITY OF PROTECTIVE ORDER**

1.      All documents, materials, items, testimony or information, regardless of whether stored in electronic or paper form, produced or filed or lodged with or otherwise submitted to the Court in connection with a hearing or trial, or produced, provided or served, formally or informally, either by a Party or by a non-party, to or for any of the other Parties, shall be governed by this Protective Order if designated in accordance with this Protective Order, and if so designated and unless such designation is removed in accordance with this Protective Order, used only for the purposes of this litigation and not for any other purpose, including but not limited to business, legal, patent prosecution, competitive or governmental purpose or function.  Notwithstanding the foregoing, nothing in this paragraph 1 or in this Protective Order shall be deemed to limit or otherwise restrict or impair in any manner any Party's use or disclosure of its own information or publicly available information, in whatever form.

2.      The terms of this Protective Order shall apply to all manner and means of disclosure of information in discovery, whether formal or informal, designated in accordance with this Protective Order, including without limitation oral testimony, entry onto land or premises, and production and/or inspection of books, records, documents and tangible things.

**DEFINITIONS**

3.      "Confidential" information is defined herein as information that (i) is not in the public domain (*i.e.,* not generally known and not reasonably ascertainable by proper means) or (ii) contains trade secrets or other proprietary or confidential research, development, marketing, financial, technical, or commercial information, including but not limited to, (a) customer lists, pricing analysis and information, market surveys, market and competitive research, corporate financial information and analysis, and marketing and business strategies, (b) draft patent applications, invention disclosures, and other information relating to the filing and preparation of

patent applications, (c) research and experimental testing information, (d) technical information related to product design, development, operation and manufacturing techniques or processing information, or (e) patent license agreements, or information that was generated in connection with, or reveals the content of, patent licensing negotiations; and any other information that would qualify as Confidential pursuant to Federal Rule of Civil Procedure 26(c) or any other legal standard.

4.      "Disclosing Party" is defined herein as any Party or non-party who is requested to produce or produces its own Documents or other information in connection with the conduct of the Action.

5.      "Document" shall include without limitation any records, exhibits, reports, samples, transcripts, oral testimony, video or audio recordings, affidavits, briefs, summaries, notes, abstracts, drawings, company records and reports, computer code, databases, version control systems, communications, letters, correspondence, emails and attachments thereto, answers to interrogatories, responses to requests for admissions, pleadings or motions, including copies or computer-stored versions of any of the foregoing.

6.      "Highly Confidential" information is defined herein as such Confidential information that would cause direct harm to the competitive position of the Disclosing Party if such Confidential information were to be disclosed or that is so competitively sensitive that its disclosure could materially affect the business, commercial or financial interests of the Disclosing Party.

7.      "Third Party Confidential" information is defined herein as information of a non-party to this Action, which information constitutes, contains, reveals, or reflects trade secrets or other highly sensitive research, development, business, or commercial information of a Third Party, including information within the meaning of Fed. R. Civ. P. 26(c)(1)(G).  Provisions of this Protective Order relating to Third Party Confidential information shall be understood to encompass

any information derived, copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof and testimony, conversations, or presentations related thereto.

8. "Qualified Person" as used herein means:

    a.     Trial Counsel;

    b.     Subject to the terms of Paragraph 22 below, any person retained by a Party or its Trial Counsel as an independent consultant or expert who agrees in writing to be bound by the terms of this Protective Order in the form of Exhibit A, attached hereto (such signed agreement shall be preserved by the retaining Party or Trial Counsel);

    c.     Any court reporter or videographer who transcribes or records testimony in this Action at a deposition and who agrees that all designated confidential testimony is and shall remain confidential and shall not be disclosed except as provided in this Order;

    d.     The Court and the Court's personnel;

    e.     Outside vendors who perform copying, document preparation, jury consulting, or creation of trial graphics or tutorials on behalf of any Party;

    f.     Members of focus groups and mock jurors, provided they sign an undertaking with same protections as the Confidentiality Agreement attached hereto as Exhibit A with the caption redacted to remove reference to the Parties, and further provided that no mock jurors or focus group participants be permitted to keep any discovery materials in this matter;

    g.     Any other person who is designated as a Qualified Person by written agreement of counsel for the Parties or by order of this Court, after notice to all Parties;

    h.     No more than four officers, directors, or employees of each of the Defendant and Plaintiff Parties who require information disclosed pursuant to this Protective Order in order to assist in or evaluate the Action, provided that

each such person first is advised by counsel for the respective Party of the provisions of this Protective Order and agrees to be bound thereby and not to copy or use any Confidential information for any purpose other than in connection with the Action or to reveal any Confidential information to any person not authorized by this Protective Order.

9.      "Receiving Party" is defined herein as any individual who has received information designated as Confidential, Highly Confidential or Third Party Confidential pursuant to this Protective Order.

10.     "Trial Counsel" as used herein, means:

a.   the attorneys and employees of the law firm responsible for this litigation for OSSEO and any other law firm (and its members and employees) which appears on behalf of OSSEO in the Action; and

b.   the attorneys and employees of the law firms responsible for this litigation for Kavo and that appear on behalf of Kavo in the Action.

## DESIGNATION OF MATERIALS

### "Confidential" Information

11.     A Disclosing Party may designate Confidential information, as defined herein.  In designating Confidential information, the Disclosing Party will make such designation only as to that information that it has regularly treated as Confidential information, as defined herein and consistent with Federal Rule of Civil Procedure 26(c).   No information shall be deemed Confidential if it is disclosed in a printed publication available to the public or trade.   No information shall be deemed Confidential if it comes to be known to a Party through means that are not governed by any proprietary or confidential relationship or obligation or by this Protective Order.   To the extent that a Receiving party questions whether a document has been properly designated "Confidential," "Highly Confidential" or "Third Party Confidential" under this Order, the receiving Party is nonetheless obligated to treat such Document pursuant to its designation

under the terms of this Order unless and until the designation is removed or modified as provided for in paragraph 33 of this Order.

12.     Documents and things produced that contain Confidential information may be designated as such by marking each page, whether an electronic document or paper document, or by marking the tangible medium containing such information, at or before the time of production as follows: "CONFIDENTIAL".

13.     Access to information designated as Confidential shall be limited to Qualified Persons as defined in subsections (a) through (h) of Paragraph 8 of this Protective Order.  A Receiving Party shall treat information as "Confidential" under this Protective Order, as soon as a Disclosing Party so designates the information.  For the avoidance of doubt, nothing in this Protective Order shall restrict a Receiving Party's use or distribution of any Document designated as "Confidential" if the only "Highly Confidential" or "Confidential" information in the Document is that of the Receiving Party.

14.     A Receiving Party shall treat all documents and things designated as containing Confidential information as Confidential under this order unless and until such designation is removed by the Producing Party or by order of this Court.

**"Highly Confidential" Information**

15.     A Disclosing Party may designate Highly Confidential information, as defined herein.  In designating Highly Confidential information, the Disclosing Party will make such designation only as to that information that it has regularly treated as Highly Confidential information, as defined herein and consistent with Federal Rule of Civil Procedure 26(c). Documents, testimony, information and other things designated Highly Confidential may be disclosed only to the Qualified Persons identified in subsections (a) through (h) of Paragraph 8 of this Protective Order.  A Receiving Party shall treat information as Highly Confidential under this Protective Order as soon as a Disclosing Party so designates the information.  For the avoidance of doubt, nothing in this Protective Order shall restrict a Receiving Party's use or distribution of

any Document designated as "Highly Confidential Attorneys Eyes Only" if the only "Highly Confidential" or "Confidential" information in the Document is that of the Receiving Party.

16.     Documents and things produced that contain Highly Confidential information may be designated as such by marking each page, whether an electronic document or paper document, or by marking the tangible medium containing such information, at or before the time of production as follows: "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – AEO."

**"Third Party Confidential" Information**

17.     A Disclosing Party may designate Third Party Confidential information, as defined herein.  In designating Third Party Confidential information, the Disclosing Party will make such designation only as to that information that it has regularly treated as Confidential or Highly Confidential information, as defined herein and consistent with Federal Rule of Civil Procedure 26(c).  Documents, testimony, information and other things designated Third Party Confidential may be disclosed only to the Qualified Persons identified in subsections (a) through (g) of Paragraph 8 of this Protective Order.  A Receiving Party shall treat information as Third Party Confidential under this Protective Order as soon as a Disclosing Party so designates the information.

18.     Documents and things produced that contain Highly Confidential information may be designated as such by marking each page, whether an electronic document or paper document, or by marking the tangible medium containing such information, at or before the time of production as follows: "THIRD PARTY CONFIDENTIAL – ATTORNEYS' EYES ONLY,"  "THIRD PARTY CONFIDENTIAL – AEO," or "[PARTY NAME] CONFIDENTIAL INFORMATION – AEO."

19.     In the event that at the time a document is produced, the appropriate confidentiality designation is lacking, and it is later determined, in good faith, that such a designation should have appeared on the document, the Disclosing Party may restrict future disclosure of the document, consistent with this Protective Order, by notifying the Receiving Party in writing of the change in

or addition of a restrictive designation. The notice shall include a description of the document, including bates number or other adequate identification, and the designation under which future disclosure of the documents is to be governed. The Receiving Party shall have no liability to the Disclosing Party, the Court, or third parties for any use or disclosure of any documents or information prior to the time that the Disclosing Party notifies the Receiving Party in writing of the change in or addition of a specific designation under this Protective Order.

20. A Receiving Party shall treat all documents and things designated as containing Confidential, Highly Confidential, or Third Party Confidential information as initially designated under this order unless and until such designation is removed by the Producing Party or by order of this Court.

**SOURCE CODE**

21. The following conditions shall govern the production of Source Code, to the extent any producing party agrees to provide any such information:

    a. Source Code shall ONLY be made available for inspection, not produced except as provided for below, and shall be made available in an electronic, searchable format at one of the following locations: the North Carolina offices of the producing party's local outside counsel of record in this action or any other location that the Parties may come agree. Source Code will be loaded on a single, non-networked computer that is password protected and maintained in a secure, locked area. Use or possession of any input/output device is prohibited while accessing the computer containing the Source Code. The computer containing Source Code will be made available for inspection during regular business hours, upon reasonable notice to the producing party, which shall not be less than three business days in advance of the requested inspection.

    b. The receiving party's outside counsel and/or experts may request that commercially available licensed software tools for viewing and searching

Source Code be installed on the secured computer. The stand-alone computer shall have installed thereon software utilities which will allow counsel and experts to view, search, and analyze the source code. At a minimum, these utilities must provide the ability to (a) view, search, and line-number any source file, (b) search for a given pattern of text through a number of files, (c) compare two files and display their differences, and (d) compute the MD5 checksum of a file. The receiving party may provide the producing party or third-party agent with a link, CD, or DVD containing such software tool(s) which shall then be installed on the stand-alone computer in advance of the inspection.

c. The receiving party's outside counsel and/or expert shall be entitled to take notes relating to the Source Code but may not copy any portion of the Source Code into the notes. No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein. Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein.

d. No person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated Source Code, except as the receiving party may request a reasonable number of pages of Source Code to be produced by the producing party, not to exceed 500 pages except by agreement of the parties, but only if and to the extent necessary for use in this action. Within seven business days or such additional reasonable amount of time as necessary due to volume requested, the producing party will provide the requested material with the following designation:

**"RESTRICTED CONFIDENTIAL SOURCE CODE"**

e. Any materials designated Restricted Confidential Source Code shall be stored or viewed only at (i) the offices of outside counsel for the receiving party; (ii)

the offices of outside experts or consultants who have been approved to access Source Code; (iii) the site where any deposition is taken; (iv) the Court; or (v) any intermediate location necessary to transport the information to a hearing, trial or deposition.

f.  Only Qualified Persons identified in subsections (a) through (d) of Paragraph 8 of this Protective Order shall have access to "Restricted Confidential Source Code" materials, absent the express written consent of the Producing Party or further court order.

g.  The Receiving Party may create an electronic copy or image of limited excerpts of Source Code only to the extent reasonably necessary in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents ("Source Code Documents").

h.  To the extent portions of Source Code are quoted in a Source Code Document, either (1) the entire document will be stamped and treated as Restricted Confidential Source Code or (2) those pages containing quoted Source Code will be separately bound, and stamped and treated as Restricted Confidential Source Code.

i.  All copies of any portion of the Source Code in whatever form shall be securely destroyed if they are no longer in use.  Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

To the extent the production of computer source code becomes necessary in this case, the parties will meet and confer in good faith to develop a provision regarding the production and use of such source code in this case and will, if necessary, submit a joint proposed provision (or competing proposed provisions) to the Court for approval prior to the production of any source code.

## RETAINED INDEPENDENT CONSULTANTS AND EXPERTS

22.     In the event that a Party retains independent consultants or experts to furnish technical or consulting services or to give testimony with respect to the subject matter of this Action, and such Party desires to disclose to such independent consultant or expert any information designated by the other Party as Confidential, Highly Confidential, Restricted Confidential Source Code, or Third Party Confidential information, then such disclosure shall be permitted only under the following conditions:

    a.    Prior to disclosure, the independent consultant or expert shall acknowledge, in writing, by signing a copy of Exhibit A attached hereto, that he/she has received and read a copy of this Protective Order, and that he/she is bound by the terms thereof.

    b.    At least five business days prior to disclosure of such Confidential, Highly Confidential, or Third Party Confidential information, a copy of signed Exhibit A and a copy of the independent consultant or expert's curriculum vitae (which shall include at a minimum such consultant's or expert's education and work history, including a list of all entities for which the consultant or expert has been employed either as a consultant, expert or employee during the past five years, and all matters (by case name or with reference to the parties involved) in which the consultant or expert has been engaged to act as a consultant or expert during the past five years) shall be delivered to Trial Counsel, and in the case of Third Party Confidential information, also to counsel for the Disclosing Party, in the manner agreed to by the Parties to the Action for service of all documents or if no agreement has been made, in the manner provided for service under the Federal Rules of Civil Procedure, along with a statement that the signed Exhibit and curriculum vitae are being served in accordance with this

paragraph of the Protective Order. Upon request of the Disclosing Party within the five business days provided herein, the Receiving Party shall be required to provide such other additional information as the Disclosing Party identifies as reasonably necessary to permit the Disclosing Party to assess any conflicts or objection to the proposed consultant or expert.

c.     In the event that the Disclosing Party objects to disclosure of its Confidential or Highly Confidential information to the independent consultant or expert, the Disclosing Party shall deliver, in the manner agreed to by the Parties to the Action for service of all documents or if no agreement has been made, in the manner provided for service under the Federal Rules of Civil Procedure, a notice of objection to the opposing Party within five business days from actual receipt of the materials required to be served under subparagraph (b) of this paragraph. In such event, disclosure of the information shall not be made until the Parties agree in writing that such disclosure may be made or the Court issues an order or ruling that such disclosure is permitted. The Disclosing Party shall, with its notice of objection, state fully its reasons and grounds for such objection. Failure to give notice of objection within five business days from actual receipt of the materials required to be served under subparagraph (b) of this paragraph shall operate as a waiver of the objection, unless a reason and ground for an objection becomes apparent after such time which reason and ground was not known and could not reasonably have been known to the Disclosing Party at the time of the identification of the consultant or expert by the Receiving Party as provided in subparagraph (b) of this paragraph. A request for additional information by the Disclosing Party as set forth in the last sentence of subparagraph (b) of this paragraph shall be considered an objection under this subparagraph (c), and the provision of the requested

information by the Receiving Party shall be considered a new notification of the potential disclosure to a consultant or expert, triggering the same time frames for non-disclosure and objection as set forth in subparagraphs (b) and (c) of this paragraph.

d.   Unless the dispute is resolved by agreement between the Parties, the Party seeking disclosure may move for a ruling by the Court on the dispute. The Disclosing Party shall have the burden of establishing that the disclosure should not be permitted.

23.   Where a Party retains independent consultants or experts to furnish technical or consulting services or to give testimony with respect to the patents-in-suit or the subject matter of this Action, the following materials will be deemed to be privileged materials or materials otherwise protected from production based on a claim of privilege (attorney-client, work product or other privilege) and thus not discoverable:

a.   Correspondence between such independent consultants or experts and a Party or its Trial Counsel;

b.   Drafts of expert reports, declarations and any other materials drafted by or for such independent consultants or experts regarding the subject matter of this Action; and

Communications between such independent consultants or experts and a Party or its Trial Counsel that are related to drafts and/or revisions of expert reports, declarations, or other materials drafted by or for such independent consultants or experts, or that are related to preparation to testify at a hearing, trial, or deposition in this Action. Such protections provided in the preceding sentence are to be construed to be in addition to, and shall not diminish the protections provided in Fed. R. Civ. P. 26(b)(3–4). Nothing in this paragraph, however, limits the rights of the Parties to examine an expert

or consultant concerning the information he or she relied upon in forming his or her opinions.

## EXAMINATION OF EMPLOYEES, FORMER EMPLOYEES AND THIRD PARTIES:

24. In addition to those persons who may receive Confidential, Highly Confidential, Restricted Confidential Source Code information identified above, the following persons may be examined and give testimony as follows:

    a.    a present employee or representative of a Disclosing Party may be examined and may testify concerning all Documents and information designated as Confidential, Highly Confidential, or Restricted Confidential Source Code by his employer, except for Documents and information that the employee or representative is normally prohibited by his employer from viewing provided that the Disclosing Party has notified the Receiving Party of a class of Documents or item of information which the present employee or representative is prohibited from viewing no less than five business days prior to the examination of the present employee or representative, and in the absence of such notification by the Disclosing Party, the exception shall not apply;

    b.    a former employee, associate, representative or consultant of a Disclosing Party may be examined and may testify concerning all Documents and information designated as Confidential, Highly Confidential, or Restricted Confidential Source Code by that Party only if the former employee, associate, representative or consultant had access to the Confidential, Highly Confidential, or Restricted Confidential Source Code material during the period or periods of his employment or association with that Disclosing Party;

c.        non-parties may be examined and may testify concerning all documents or information designated as Confidential, Highly Confidential, or Restricted Confidential Source Code which appears on its face to have been communicated from or received by the non-party;

d.        witnesses may be examined and may testify concerning all documents or information designated as Confidential, Highly Confidential, or Restricted Confidential Source Code if, by virtue of other testimony or circumstances, it appears likely that the witness previously had lawful access to this information, provided, however, that the Disclosing party can put an end to the examination if such examination reveals that the witness did not have such lawful access; and

e.        any individual in circumstances not falling into the above categories may be examined and may testify concerning all documents or information designated as Confidential, Highly Confidential, or Restricted Confidential Source Code upon approval in writing or on the record by Trial Counsel for the Disclosing Party or order of the Court.

## DEPOSITION TRANSCRIPTS AND EXHIBITS

25.    Except for use during court proceedings, all information, including testimony and exhibits, disclosed in a deposition of a non-party deponent, Party or a Party's present or former officers, directors, employees, agents, or independent experts retained by such party for purposes of this litigation shall be treated as if it had been designated as Highly Confidential at the time of the taking of the deposition and for a period of fifteen calendar days after the transcript of said deposition is received by the Disclosing Party. Information disclosed at the deposition may be designated under this Protective Order by a Disclosing Party by so-indicating on the record at the deposition, or by the Disclosing Party's notifying all other Parties and the court reporter in writing, within fifteen calendar days of receipt of the transcript of the portions of the transcript that contain

information to be designated under this Protective Order. The Disclosing Party shall attach a copy of a written statement making such designation to the face of the transcript and provide a copy of same to every other Party, or shall request that the court reporter taking such testimony do so.

26.     The designation of testimony given as Confidential, Highly Confidential, or Third Party Confidential or the de-designation of such testimony given, shall not affect the confidentiality status of exhibits presented or used in connection with such testimony.

## COURT FILINGS

27.     In the event that a Receiving Party wishes to use any Confidential, Highly Confidential, or Third Party Confidential information produced by a Disclosing Party in any affidavits, briefs, memoranda of law, or other papers filed or lodged with, or otherwise submitted to, the Court in this litigation, such Party must comply with local rules and attempt to obtain leave from the Court to file such information under seal. Any Party may file with the Court additional reasons as to why the documents should be filed under seal. Any document, thing or information that has been designated as Confidential, Highly Confidential, or Third Party Confidential and that is included with, or the contents are in any way disclosed in, any pleading, motion, deposition transcript, or other papers filed or lodged with or submitted to the Clerk of the Court shall be filed in sealed envelopes prominently marked with the appropriate confidentiality designation and stating that the material was "FILED UNDER SEAL" or as the Court may otherwise direct.

## USE OF INFORMATION DESIGNATED UNDER THIS
## PROTECTIVE ORDER AT HEARING OR TRIAL

28.     Trial Counsel shall refrain from referring in open court to any information designated Confidential, Highly Confidential, or Third Party Confidential except under conditions and safeguards that the Court employs to protect against disclosure of such information. Such information may be referred to or offered in evidence at trial only after first providing notice reasonable under the circumstances to the Court and to the Disclosing Party of the intended disclosure. The Court, either through its own initiative or upon motion of the Disclosing Party,

may subject such information to further protections, including, but not limited to, *in camera* proceedings in chambers or conducting proceedings closed to the general public. Nothing herein shall operate as a waiver or relinquishment of a designation under this Protective Order, should such materials be disclosed at a Court hearing or other proceeding where the general public is not so excluded.

## INADVERTENT FAILURE TO DESIGNATE / INADVERTENT DISCLOSURE OF PRIVILEGED INFORMATION

29.     A Disclosing Party that inadvertently fails to designate an item pursuant to this Protective Order at the time of the production may thereafter make a designation pursuant to this Protective Order by serving notice thereof in writing, accompanied by substitute copies of each item, appropriately designated. As soon as notice of a designation is made by a Disclosing Party, all recipients of the designated materials shall immediately treat the designated documents consistent with the designation given by the Disclosing Party. Those individuals who reviewed the documents or information prior to notice of the mis-designation or failure to designate by the Disclosing Party shall return to Trial Counsel for the Disclosing Party or destroy all copies of the mis-designated documents and shall honor, to the extent reasonably practicable, the provisions of this Protective Order with respect to the use and disclosure of any confidential information contained in the mis-designated documents.

30.     In the event that information designated pursuant to this Protective Order is disclosed to any person not authorized by this Protective Order to receive the information, the party responsible for this disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the Disclosing Party, and without prejudice to other rights and remedies of the Disclosing Party, shall make every reasonable effort to prevent further disclosure by it or by any other person who was the recipient of such information. The identification under this section of a party to whom disclosure was made shall not constitute a waiver of attorney work product or attorney-client privileges.

31.     Fed. R. Civ. P. 26(b)(5)(B) shall govern the handling of any inadvertently produced privileged materials or materials otherwise protected from production based on a claim of privilege (attorney-client, work product or other privilege).  For purposes of this Protective Order, the reference in the Rule to a receiving party shall correspond to the Receiving Party of this Protective Order and reference in the Rule to a Producing Party shall correspond to the Disclosing Party of this Protective Order.

32.     The inadvertent production of any privileged or otherwise protected materials shall not be deemed a waiver or impairment of any claim of privilege or protection including, but not limited to, the attorney-client privilege and the protection afforded to work-product materials, or the subject matter thereof.  Upon receiving written notice from the Disclosing Party that materials asserted to be privileged or protected have been inadvertently produced, the Receiving Party shall promptly return or destroy all such material (and any copies that may have been made and may have been distributed) to the Disclosing Party within five business days of receipt of such notice. Until such materials are returned or destroyed, such materials and the information contained therein shall be treated as Highly Confidential.  Nothing stated herein shall limit the right of a Party to challenge a claim of privilege or protection made pursuant to this paragraph.

**CHALLENGING CONFIDENTIALITY DESIGNATIONS**

33.     If a Receiving Party wishes to challenge the designation of any information as Confidential, Highly Confidential, or Third Party Confidential, the Receiving Party shall provide written notice to the Disclosing Party of a request for declassification of the challenged information.  The Disclosing Party shall, within five  business days after receipt of the Receiving Party's request for declassification, make a good faith determination as to whether the information at issue should be declassified and notify the Receiving Party of its determination.  If the dispute cannot be resolved informally, the Receiving Party may seek appropriate relief from the Court, pursuant to the procedures concerning discovery disputes.  The Disclosing Party shall have the

burden of proving the propriety of the designation. The designation of the disputed information shall remain unless and until otherwise ordered by the Court.

34. A Party shall not be obligated to challenge the propriety of a designation of a document at any level of confidentiality identified in this Protective Order at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

## RETURN AND/OR DESTRUCTION OF
## MATERIALS UPON CONCLUSION OF THE ACTION

35. <u>Confidential, Highly Confidential, and Third Party Confidential Materials</u>: Within ninety calendar days after the conclusion of this litigation, unless the Parties agree in writing to the contrary, any originals or reproductions of any documents produced by a Disclosing Party containing Confidential or Highly Confidential information (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted in evidence in this Action) shall be destroyed, except that Trial Counsel shall be entitled to retain for archival purposes one (1) paper and one (1) electronic copy of transcripts, exhibits, pleadings, correspondence, expert reports, memoranda, and discovery responses which contain or refer to Confidential or Highly Confidential information. Trial Counsel shall also be entitled to retain documents constituting work product that were internally generated based upon or which include Confidential or Highly Confidential Information.

36. Insofar as the provisions of this Protective Order restrict the communication and use of the documents produced hereunder, this Order shall continue to be binding after the conclusion of this litigation except (a) that there shall be no restriction on documents that are used as exhibits in open court (unless such exhibits were filed under seal) and (b) that a Party may seek the written permission of the Disclosing Party or further order of the Court with respect to dissolution or modification of the Protective Order.

**MISCELLANEOUS**

37.     This Protective Order is being entered without prejudice to the right of any Party or non-party to move the Court for modification of, or relief from, any of its terms.

38.     Nothing shall prevent disclosure beyond the terms of this Order if the Disclosing Party consents to such disclosure, or if the Court, after notice to all Parties, orders such disclosure.

39.     Unless the Parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any purpose, nor shall the designation or acceptance of any information designated pursuant to this Protective Order constitute an admission or acknowledgment that the material so designated is in fact proprietary, confidential or a trade secret.

40.     This Protective Order shall not be deemed (a) a waiver of any Party's or producing entity's right to object to any discovery requests on any ground; (b) a waiver of any Party's right to seek an order compelling discovery with respect to any discovery requests; (c) a waiver of any Party's right to object to the admission of evidence on any ground; (d) a waiver of any Party's or producing entity's right to use or disclose its own documents, testimony, transcripts, and/or other materials or things at its sole own discretion; or (e) any waiver of the attorney-client privilege or protection of the work product doctrine.

41.     Nothing in this Protective Order shall bar counsel from rendering advice to their clients with respect to the Action, and in the course thereof, relying upon any information under this Protective Order, provided that counsel does not disclose such information in a manner not specifically authorized under this Protective Order.

42.     Nothing in this Order shall bar amendment of this Order by stipulation of the Parties or by Order of the Court.  Any such amendment made by stipulation of the Parties shall be made in writing.

43.     If a third party, another court or an administrative agency subpoenas or orders production by a Receiving Party of documents or information designated for protection under this

Protective Order, the Receiving Party shall notify the Disclosing Party of the pendency of such subpoena or order, by providing a copy of the subpoena or order along with a written statement that the Receiving Party is providing the notice required under this paragraph, with such notice to be given at least seven court days prior to the return date specified in the subpoena or order for production of documents if possible, but in any event, at least prior to the return date to permit the Disclosing Party to make, file and/or lodge any objections to the subpoena or order. In addition, the Receiving Party shall, no less than seven court days prior to any actual disclosure of any documents or information designated for protection under this Protective Order, provide written notice to the Disclosing Party of the precise scope of the disclosure the Receiving Party intends to make (by providing identification by production number or by specifically naming each and every document the Receiving Party intends to disclose), the entity to whom the Receiving Party intends to make the disclosure, and a specific identification of the subpoena or order which the Receiving Party believes requires the disclosure.

44.     The terms of this Protective Order shall survive termination of this action.


**SO ORDERED**.

Signed: January 23, 2020

David S. Cayer
United States Magistrate Judge

**SO STIPULATED:**

DATED: January 22, 2020                    ___/s/ Anthony T. Lathrop_____
                                           Anthony T. Lathrop
                                           Moore & Van Allen
                                           100 N. Tryon Street
                                           Suite 4700
                                           Charlotte, NC 28202
                                           704 331-3596
                                           Fax: 704 339-5896
                                           Email: tonylathrop@mvalaw.com

OF COUNSEL:

Seth H. Ostrow
Antonio Papageorgiou
Sarah A. Pfeiffer
**MEISTER SEELIG & FEIN LLP**
125 Park Avenue, 7th Floor
New York, NY 10017
Telephone: (212) 655-3500
Facsimile: (646) 682-9222
sho@msf-law.com
sap@msf-law.com
ap@msf-law.com

*Attorneys for Plaintiff*
*Osseo Imaging, LLC*


  */s/ Lawrence C. Moore*
John R. Wester
North Carolina Bar No. 4660
jwester@robinsonbradshaw.com
Lawrence C. Moore, III
North Carolina Bar No. 21731
lmoore@robinsonbradshaw.com

ROBINSON, BRADSHAW & HINSON, P.A.
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246
Telephone: 704-377-2536
Facsimile: 704-378-4000

Thomas Selby
tselby@wc.com
Aaron Maurer
North Carolina Bar No. 26520
amaurer@wc.com
Seth Bowers
sbowers@wc.com
Jingyuan Luo
jluo@wc.com

WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.

Washington, DC 20005
T: (202) 434-5000
F: (202) 434-5029

*Attorneys for Defendant Kavo Dental Technologies, LLC.*

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

| | |
|---|---|
| OSSEO IMAGING, LLC, | **Civil Action No.** 1:19-cv-00174 |
| Plaintiff, | |
| v. | |
| KAVO DENTAL TECHNOLOGIES LLC, | |
| Defendant. | |

**CONFIDENTIALITY AGREEMENT**

I, _____, declare that:

1.      My address

is _____

_____.

2.      My present occupation is_____, and I

am currently employed by_____.  I have

been retained by _____ with respect to this

litigation.  A true copy of my curriculum vitae is attached.

3.      I have received a copy of the Protective Order in this action, and have carefully

read and understand its provisions.

4.      I will comply with all of the provisions of the Protective Order.  I will hold in

confidence, will not disclose to anyone other than those persons specifically authorized by the

Protective Order, and will not copy or use for purposes other than for this lawsuit, any information

designated under the Protective Order, except as expressly permitted in the Protective Order.

5.   I declare under penalty of perjury that the foregoing is true and correct.

Executed:

Signature: _____

Date: _____, 20____